IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF
AMERICA for the use and
benefit of CENTURY
READY MIX CORPORATION                                                                          PLAINTIFF


VS.                                         CASE NO. 08-1046

NORTH AMERICAN
SPECIALITY INSURANCE
COMPANY                                                                                        DEFENDANT

## MEMORANDUM OPINION

Before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to Join a Party by Defendant North American Speciality Insurance Company ("NASIC"). (Doc. 3). Plaintiff Century Ready Mix Corporation responded. (Doc. 6). The Court finds the matter ripe for consideration.

### BACKGROUND

Plaintiff was a subcontractor on a project to repair a post office in Crossett, Arkansas ("Project"). SLG Contractors ("SLG") was the primary contractor on the Project. As required by the Miller Act, 40 U.S.C. section 3131 *et seq*, SLG obtained a payment bond to ensure the protection of the United States and others who worked on the Project. This bond is numbered S9039939. (Complaint Doc. 1).The Bond names Washington International Insurance Company ("Washington International") as the surety for the Bond. (Doc. 3-1). Plaintiff delivered $24,521.77 worth of concrete to the Project job site. Plaintiff has been paid only $8,292.03 of this amount.

Plaintiff filed this suit against Defendant claiming that it is liable to Plaintiff for the remaining amount owed him from his performance on the Project, pursuant to the Bond. Defendant moves the Court to dismiss this action because: 1) pursuant to Federal Rule of Civil Procedure 12(b)(2), the Court

does not have personal jurisdiction over Defendant; and 2) pursuant to Federal Rule of Civil Procedure 12(b)(7), Plaintiff has failed to join an indispensable party as required by Federal Rule of Civil Procedure 19.

## STANDARD OF REVIEW

To survive a motion to dismiss for lack of personal jurisdiction, the Plaintiff need only make a prima facie showing of personal jurisdiction over the Defendant. *DigiTel Holdings, In*c. v. *Proteg Telecomms. (PTE), Ltd.,* 89 F.3d 519, 522 (8th Cir. 1996). In determining whether Plaintiff has made this prima facie showing of personal jurisdiction, the Court must view the evidence in the light most favorable to the Plaintiff and resolve all factual conflicts in its favor. *Id.* The Court may consider matters outside the pleadings during its consideration of personal jurisdiction. *Stevens v. Redwing,* 146 F.3d 538, 543 (8th Cir. 1998).

In analyzing a 12(b)(7) motion to dismiss for failure to join an indispensable party under Rule 19, the Court will accept all of the pleader's well-pleaded factual allegations as true, and will draw all reasonable inferences in the pleader's favor. *Rotec Industries., Inc. v. Aecon Group, Inc.,* 436 F.Supp.2d 931, 933 (N.D.Ill. 2006). The party seeking the dismissal bears the burden of proving the absent party is indeed indispensable. *Citizen Band Potawatomi Indian Tribe v. Collier,* 17 F.3d 1292, 1293 (10th Cir. 1994). The Court may consider materials other than the pleadings in determining whether nonjoinder of a party warrants dismissal. *Davis Cos. v. Emerald Casino, Inc.,* 268 F.3d 477, 480, n.4 (7th Cir. 2001). The Court is hesitant to dismiss for failure to join an absent party, and in general a dismissal will only be granted when the defect cannot be cured. *Sever v. Glickman,* 298 F.Supp.2d 267, 275 (D.Conn. 2004).

DISCUSSION

Defendant first argues that the Court does not have personal jurisdiction over it. Plaintiff asserts that the Miller Act gives the Court personal jurisdiction over the Defendant. The Court agrees. The Court may exercise personal jurisdiction over a defendant brining an action pursuant to a statute that provides an implicit grant of nationwide service of process. *In re Federal Fountain, Inc.,* 165 F.3d 600, 601-02 (8th Cir. 1999). The Miller Act provides such an implicit grant. *See Limerick v. T.F. Scholes, Inc.,* 292 F.2d 195, 195-96 (10th Cir. 1961). Therefore, the Court finds that it has personal jurisdiction over Defendant pursuant to the Miller Act.

Defendant also moves to dismiss Plaintiff's claim based on its failure to join an indispensable party under Rule 19. Fed. R. Civ. P. 12(b)(7). Defendant argues that complete relief under Rule 19(a)(1)(A) cannot be given because Defendant is not the surety company named on the Bond. In support of this contention, Defendant attached the Bond to its Motion to Dismiss. The Bond names Washington International as the surety. Plaintiff responds by claiming that Defendant has not proven it does not serve as surety for some other bond issued on the Project.

First, the Court addresses Plaintiff's assertions that Defendant has not proven they did not execute some other bond on the Project. The flaw in this argument is that Plaintiff sued Defendant on the Bond specifically. Defendant has produced to the Court the Bond, on which Plaintiff basis this action, and Defendant is not the surety named on it. Because Plaintiff sued on this specific Bond, and not another, its argument regarding the Defendant's alleged failure to prove they did not execute some other bond is without merit.

In analyzing Defendant's 12(b)(7) Motion to Dismiss, the Court must ask two questions: 1) whether joinder of the absent party is required; and if so 2) whether the party is subject to service of

process and can be joined without defeating the Court's jurisdiction. Fed. R. Civ. P. 19(a). Rule 19(a) states that a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(a)(1). The joining of Washington International is required under Rule 19(a) because the Court cannot accord complete relief among the existing parties. The Court cannot grant Plaintiff relief from Defendant because Defendant is not the named surety on the Bond. Therefore, Washington International, as named surety on the Bond, is a required party under Rule 19.

Because the Court determines that Washington International should be a party to this action, it may order joinder if Washington International is subject to service of process and if its presence will not defeat the Court's subject matter jurisdiction. Fed. R. Civ. P. 19(a)(2). As stated above, the Miller Act implicitly grants nationwide service. Washington International has listed an Illinois and Texas address on the Bond and thus, is subject to service of process under the Miller Act. (Doc. 3-1) Furthermore, the case is not before the Court on diversity grounds, and the joinder of Washington International will not destroy the Court's subject matter jurisdiction over this action. The Court finds that Washington International is a required party who should be joined in this action.

CONCLUSION

While the Court recognizes that Plaintiff has not named the proper Defendant in this action, it cannot dismiss Plaintiff's cause of action against Defendant NASIC based on the rules of procedure cited in its Motion to Dismiss. For the above reasons, Defendant NASIC's Motion to Dismiss is **DENIED**. The Court orders that Plaintiff serve process on Washington International as the appropriate defendant in this action, pursuant to Federal Rule of Civil Procedure 19(a)(2).

IT IS SO ORDERED, this 11th day of March, 2009.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge